

Anthony P. X. Bothwell, SBN 200740
950 Lincoln Blvd. #29547
San Francisco, CA 94129-0547
Tel. (415) 370-9571
apxb007@msn.com

Plaintiff, *pro se*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

ANTHONY P. X. BOTHWELL,

Plaintiff,

v.

JOHN O. BRENNAN, DIRECTOR,
CENTRAL INTELLIGENCE AGENCY,
UNITED STATES OF AMERICA,

Defendant

Case No._____ JSC

CV 13 5439

COMPLAINT
5 U.S.C. § 552

I. **INTRODUCTION**

1. This is an action in equity by Anthony P. X. Bothwell (PLAINTIFF) seeking an order in the public interest to enjoin John O. Brennan, Director, Central Intelligence Agency (DEFENDANT) from withholding certain agency records improperly withheld from the Plaintiff, and to order the production of those improperly withheld records.

2. PLAINTIFF Anthony P. X. Bothwell (a member of the State Bar of California) resides in, and has his principal place of business in, the Northern District of California.

3. The DEFENDANT agency (the CIA) improperly withheld, from PLAINTIFF, certain agency records concerning three individuals alleged to have been connected to the assassination of President John F. Kennedy.

1

4. The DEFENDANT agency also improperly withheld, from PLAINTIFF, certain agency records concerning two individuals alleged to have been connected to the assassination of Senator Robert F. Kennedy.

5. There is an overriding public interest in the disclosure of the records herein alleged to have been improperly withheld.

## II. JURISDICTION

6. Jurisdiction is invoked pursuant to U.S. Const., Art. 3, Sect. 2, on the ground that this is a controversy in which the United States is a party.

7. Jurisdiction is invoked pursuant to 5 U.S.C. § 552 on the ground that the records herein alleged to have been withheld are required by the Freedom of Information Act (FOIA), and by applicable published rules, to be made available for public inspection and copying.

## III. VENUE

8. In conformance with 5 U.S.C. § 552(a)(4)(B), venue lies in the Northern District of California, in which PLAINTIFF resides and has his principal place of business.

## IV. PARTIES

8. PLAINTIFF is an individual who resides in, and has his principal place of business in, the Northern District of California.

9. DEFENDANT is an agency of the Executive Branch of the United States Government.

## V. RELATED MATTERS

10. PLAINTIFF does not have knowledge of any other pending case arising from the same body of facts as are alleged in this case.

///////

///////

## VI. FACTUAL ALLEGATIONS

*In re*: **The assassination of President John F. Kennedy**

11. DEFENDANT has failed to follow up since its May 27, 2009 letter promised to arrange for its Agency Release Panel to consider PLAINTIFF's May 7, 2009 appeal of DEFENDANT's April 9, 2009 final response to PLAINTIFF's February 11, 2009 FOIA request for:

[1] All records within the possession, custody, or control of the CIA, generated in July 1976 that relate to Johnny ROSELLI, a.k.a. John ROSELLI, a.k.a. Filippo SACCO;

[2] All records within the possession, custody, or control of the CIA, generated in October 1963 that relate to Jean SOUETRE, a.k.a. Michel ROUX, a.k.a. Michel MERTZ;

[3] All records within the possession, custody, or control of the CIA, generated in October 1963 that relate to both David MORALES and President John F. KENNEDY.

12. DEFENDANT's April 9, 2009 final response stated that "previously released" records on Johnny ROSELLI, Jean SOUETRE, and David MORALES did not include any generated in the periods for which PLAINTIFF requested the records – but failed to address whether such records existed.

13. DEFENDANT's April 9, 2009 final decision claimed that the requested records (generated 50 years ago) about SOUETRE, if they existed, would be classified as "intelligence sources and methods information."

14. Johnny ROSELLI, a Chicago mob figure with whom Jack RUBY was associated, had worked on a CIA operation intended to assassinate Fidel CASTRO, the Cuban president; ROSELLI was brutally murdered in 1976 shortly before he was to have given testimony to the Select Committee chaired by Senator Frank CHURCH investigating rogue CIA operations.

15. Jean SOUETRE, a sniper for the OAS (*Organization de l'Armiee Secrete*), was in Dallas, Texas on November 22, 1963 and was transported out of the United States by the CIA after the November 22, 1963 assassination of President KENNEDY.

16. David MORALES, operations chief of the CIA Miami Station, was – **PLAINTIFF is** informed and on that basis alleges – heard planning the assassination of President **John F.** KENNEDY and, years later, boasting that "we" got rid of both President John F. Kennedy and Senator Robert F. KENNEDY.

### *In re*: The assassination of Senator Robert F. Kennedy

17. DEFENDANT in a September 18, 2009 final response improperly denied, on the purported ground that requested records be CIA "operational files" exempt from FOIA, the PLAINTIFF's July 12, 2009 FOIA request for:

[1] All records within the possession, custody, or control of the **CIA, generated** in May through July 1968, that relate to Thane Eugene CESAR;

[2] All records within the possession, custody, or control of the **CIA, generated** in May through July 1968, that relate to Enrique HERNANDEZ, a.k.a. Hank HERNANDEZ.

16. Thane Eugene CESAR, a former hotel security guard who – **PLAINTIFF is informed** and on that basis alleges – pulled a revolver while standing behind Senator Robert F. KENNEDY in the Ambassador Hotel pantry and later admitted that he got powder burns on **his face in the** June 5, 1968 in which a fatal bullet entered the back of the senator's head.

17. Enrique HERNANDEZ, a Los Angeles police sergeant who – **PLAINTIFF is informed** and on that basis alleges – had conducted police training in Latin America for DEFENDANT, and was in the Ambassador Hotel ballroom on the night in June 1968 when Senator Robert KENNEDY was assassinated.

**First Cause of Action**
**REQUEST FOR ORDER**
**Action in Equity**
**5 U.S.C. § 552**

18. The facts stated above in paragraphs 1 through 17 are incorporated as if set forth here.

19. DEFENDANT improperly withheld, and its Agency Release Panel failed to consider PLAINTIFF's appeal of its withholding of, the requested records concerning Johnny ROSELLLI, Jean SOUETRE, and David MORALES.

20. DEFENDANT improperly withheld records PLAINTIFF requested concerning Thane Eugene CESAR and Enrique HERNANDEZ.

**PRAYER FOR REMEDIES**

Wherefore PLAINTIFF requests:

[1] That the Court examine in camera

 [a] All CIA records generated in July 1976 relating to Johnny ROSELLI, a.k.a. John ROSELLI, a.k.a. Filippo SACCO;

 [b] All CIA records generated in October 1963 relating to Jean SOUETRE, a.k.a. Michel ROUX, a.k.a. Michel MERTZ;

 [c] All CIA records generated in October 1963 relating to both David MORALES and President John F. KENNEDY;

 [d] All CIA records generated in May through July 1968 relating to Thane Eugene CESAR; and

 [e] All CIA records generated in May through July 1968, relating to Enrique HERNANDEZ, a.k.a. Hank HERNANDEZ.

[2] That the Court order the CIA to make the said records available for public inspection and copying.

[3]     That the Court order DEFENDANT to release copies of the said records to the PLAINTIFF herein.

[4]     That the Court assess against DEFENDANT treasonable attorney fees and other litigation costs reasonably incurred in this case.

[1]     That the Court order such other equitable remedies as may serve the public interest in the discovery of historical truth concerning the assassinations of President John F. KENNEDY and Senator Robert F. KENNEDY.

Respectfully submitted.

Dated: November 22, 2013

*[signature]*
ANTHONY P. X. BOTHWELL
Plaintiff, *pro se*