IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY P. X. BOTHWELL,<br><br>Plaintiff,<br><br>v.<br><br>JOHN O. BRENNAN,<br><br>Defendant. | Case No.: C-13-5439 JSC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS** |

This case involves Plaintiff Anthony P. X. Bothwell's Freedom of Information Act ("FOIA") request for documents from the Central Intelligence Agency ("CIA") related to the Kennedy brothers' assassinations. Now pending before the Court is Defendant John O. Brennan's Motion to Dismiss. (Dkt. No. 6.) Brennan moves to dismiss the Complaint pursuant to Rules 12(b)(4), (5), and (6) for insufficient process, insufficient service of process, and failure to state a claim upon which relief can be granted. The Court finds this motion appropriate for resolution without oral argument and therefore vacated the hearing. *See* Civil

L.R. 7–1(b). After carefully considering the parties' submissions, the Court GRANTS Defendant's Motion to Dismiss as to Brennan, and DENIES the motion as to the CIA.[1]

## FACTUAL & PROCEDURAL BACKGROUND

On February 11, 2009, Plaintiff made a FOIA request for all records relating to three individuals, Johnny Roselli, Jean Souetre, and David Morales, allegedly connected to the assassination of President John F. Kennedy. (Complaint ¶ 11.) The CIA's April 9, 2009 response stated that no records pertaining to the individuals were generated during the time period specified by Plaintiff, and if they did exist, they would be classified as "intelligence sources and methods information." (*Id.* ¶ 13.) On May 7, 2009, Plaintiff appealed the response. (*Id.* ¶ 11.) The CIA subsequently "promised" to arrange for its Agency Release Panel to consider the appeal, but has not followed up on this guarantee. (*Id.*)

Similarly, on July 12, 2009, Plaintiff made a FOIA request for records relating to two individuals, Thane Eugene Cesar and Enrique Hernandez, who were both allegedly connected to the assassination of Senator Robert F. Kennedy. (*Id.* ¶ 17.) The CIA's September 18, 2009 final response denied the request on the ground that the records are CIA "operational files" exempt from FOIA. (*Id.*)

Plaintiff filed the Complaint on November 22, 2013, claiming the CIA improperly denied the FOIA requests. (*Id.* ¶ 19.) The caption of the Complaint names John O. Brennan, Director, Central Intelligence Agency, United States of America as Defendant. (*Id.*) On December 19, 2013, a copy of the Summons and Complaint was delivered to a person authorized to receive service on behalf of U.S. Attorney Melinda Haag at the office of the U.S. Attorney in San Francisco. (Dkt. No. 5 at 1.) Defendant Brennan filed the pending Motion to Dismiss on January 21, 2014, alleging improper service of process among other things. (Dkt. No. 6 at 3.) On January 27, 2014, Plaintiff sent by certified mail a copy of the Summons and Complaint to: (1) the U.S. Attorney General; and (2) the CIA Litigation Division. (Dkt. No. 10, Exs. 1, 2.)

---

[1] As explained below, the Court construes the Complaint as naming the CIA as a defendant.

Plaintiff also used the services of Preferred Legal Service ("PLS") to send licensed process servers to deliver a copy of the Summons and Complaint to the Office of the CIA director at the agency's headquarters in Langley, Virginia. (*Id.*, Bothwell Decl. ¶ 6.) PLS informed Plaintiff that CIA security blocked them from accessing the headquarters, and that the CIA Litigation Division insisted that the Summons and Complaint be served in compliance with 32 C.F.R. Section 1904.3. (*Id*. ¶¶ 7-8.)

## LEGAL STANDARDS

### A. Motion to Dismiss for Insufficient Process & Insufficient Service of Process

The Court lacks jurisdiction over defendants who have not been properly served in accordance with Federal Rule of Civil Procedure 4. *S.E.C. v. Ross*, 504 F.3d 1130, 1138 (9th Cir. 2007). Accordingly, Rules 12(b)(4) and 12(b)(5) permit a court to dismiss an action for insufficiency of service of process. Fed. R. Civ. P. 12(b)(4)-(5). Rule 12(b)(4) enables the defendant to challenge the substance and form of the summons, and 12(b)(5) allows the defendant to attack the manner in which service was, or was not, attempted. *Id.* When the validity of service is contested, the burden is on the plaintiff to proof that service was valid under Rule 4. *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). If the plaintiff is unable to satisfy this burden, the Court has the discretion to either dismiss the action or retain the action and quash the service of process. *Stevens v. Sec. Pac. Nat'l Bank*, 538 F.2d 1387, 1389 (9th Cir. 1976).

"Dismissals for defects in the form of summons are generally disfavored." *U.S.A. Nutrasource, Inc. v. CNA Ins. Co.*, 140 F. Supp. 2d 1049, 1052 (N.D. Cal. 2001). "Technical defects in a summons do not justify dismissal unless a party is able to demonstrate actual prejudice." *Chan v. Society Expeditions*, 39 F.3d 1398, 1404 (9th Cir. 1994). In addition, "[e]ven if the summons fails to name all of the defendants . . . dismissal is generally not justified absent a showing of prejudice." *United Food & Commercial Workers Union, Locals 197, et al. v. Alpha Beta Co.*, 736 F.2d 1371, 1382 (9th Cir. 1984) (internal citations omitted) ("Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint.").

3

**B.  Motion to Dismiss for Failure to State a Claim**

A Rule 12(b)(6) motion challenges the sufficiency of a complaint as failing to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl.Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A facial plausibility standard is not a "probability requirement" but mandates "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted).  For purposes of ruling on a Rule 12(b)(6) motion, the court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the non-moving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).  "[D]ismissal may be based on either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Johnson v. Riverside Healthcare Sys.*, 534 F.3d 1116, 1121 (9th Cir. 2008) (internal quotation marks and citations omitted); *see also Neitzke v. Williams*, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law.").

Even under the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2), under which a party is only required to make "a short and plain statement of the claim showing that the pleader is entitled to relief," a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555.)  "[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004); *see also Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) ("[A]llegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively").  The court must be able to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663.  "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 663-64.

If a Rule 12(b)(6) motion is granted, the "court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotation marks and citations omitted).

## DISCUSSION

The government argues that Plaintiff has not served Brennan or the CIA in compliance with Rule 4. The government also asserts that because Plaintiff attempts to state a FOIA claim against Brennan individually, the action must be dismissed for failure to state a claim.

### I. Proper Service under Rule 4

#### A. Defendant Brennan has not been Properly Served

When a federal employee is sued in an official capacity, Rule 4 provides that service must be effectuated on both the United States and the employee. Fed. R. Civ. P. 4(i)(2). The defendant employee must be sent a copy of the summons and complaint, by registered or certified mail. Fed. R. Civ. P. 4(i)(2). Rule 4 further mandates that the plaintiff serve the defendant within 120 days after the complaint is filed. Fed. R. Civ. P. 4(m). If service is not effectuated within that time period, the Court must dismiss the action without prejudice or order that service be made within a specified time. *Id.*

As indicated by Plaintiff's affidavit, he has only served the United States and the CIA. (Dkt. No. 10, Bothwell Decl. ¶¶ 3-5.) Plaintiff has not sent a copy of the Summons and Complaint to Brennan. It follows that Plaintiff has failed to properly serve Brennan in accordance with Rule 4(i)(2), and the Court has no jurisdiction over him. Thus, the Court grants the motion pursuant to Rule 12(b)(5) for insufficiency of service of process as to Brennan. Although Rule 4(m) allows Plaintiff 120 days from the date the Complaint was filed to effect service, service on Brennan would be futile because, as discussed below, Plaintiff cannot state a FOIA claim against Brennan.

#### B. The CIA has been Properly Served

The government next argues that because the Summons caption named Brennan, and not the CIA, service has not been completed upon the CIA. Rule 4(a) provides that a

5

1  summons must, among other things, name the court and the parties, and be directed to the
2  defendant. Fed. R. Civ. P. 4(a)(1)(A)-(B). However, technical defects in a summons
3  generally do not justify dismissal "absent a showing of prejudice." *United Food &*
4  *Commercial Workers Union, Locals 197, et al.*, 736 F.2d at 1382; *see B.R. Guest, LLC v.*
5  *SoCo Hospitality Group, LLC,* 2013 WL 1800026, at *2 (N.D. Cal. Apr. 29, 2013) (holding
6  that because plaintiff used defendant's correct name in the body of the complaint, the fact that
7  the summons, complaint caption, and affidavit of service named the wrong defendant was
8  inapposite). Plaintiff's error is merely a technical error for which the CIA has suffered no
9  prejudice. *See Hollcroft*, 687 F. Supp. at 514 (holding that "when the only deficiency in the
10 pleading is that it names the employing agency and not the agency head, no prejudice can be
11 demonstrated."). Because the Court finds that the CIA was sufficiently identified in the body
12 of the Complaint, and there is no indication that the CIA has suffered any prejudice, the
13 motion to dismiss is denied insofar as Rule 12(b)(4) applies.

14 As with effecting proper service on Brennan, the same rules apply to serving the CIA
15 under Rule 4(i)(2); Plaintiff must serve the United States as provided in Rule 4(i)(1), and must
16 also send a copy of the Summons and Complaint by registered or certified mail to the
17 defendant agency as provided in Rule 4(i)(2). Unless service is waived, Plaintiff must provide
18 the Court with the server's affidavit as proof of service. Fed. R. Civ. P. 4(l)(1). Local Rule
19 5–5 further provides that whenever any document is required to be served, it must "bear or
20 have attached to it: (1) [a]n acknowledgment of service by the person served; or (2)
21 [c]ertificate of service stating the date, place, and manner of service and the names, street
22 address or electronic address of the person served, certified by the person who made service
23 pursuant to 28 U.S.C. § 1746." Civil L.R. 5–5(a).

24 Plaintiff has established that he has effected service on both the United States and the
25 CIA under Rule 4(i)(2). Plaintiff served the U.S. Attorney in this District on December 19,
26 2013. (Dkt. No. 5 at 1.) Plaintiff's declaration states that he served the U.S. Attorney General
27 and the CIA Litigation Division with process as follows: (1) by sending a copy of the
28 summons and complaint by certified mail to the U.S. Attorney General (Dkt. No. 10, Bothwell

6

Decl. ¶ 4.); and (2) by sending a copy of the summons and complaint by certified mail to the CIA Litigation Division, Office of General Counsel. (*Id.* ¶ 5.)

Defendant emphasizes that Plaintiff did not send the Summons and Complaint to the Attorney General and the CIA until "two months *after* filing the Complaint." (Dkt. No. 11 at 3.) This timing is irrelevant because Plaintiff has 120 days after filing the Complaint to effectuate service. Fed R. Civ. P. 4(m). Hence, the CIA was properly served within the allotted time.

## II. Naming the Proper Defendant

### A. Plaintiff Cannot Bring a FOIA Claim Against Brennan

Brennan contends that dismissal is warranted under Rule 12(b)(6). Specifically, Brennan argues that Plaintiff named him as the sole defendant, and because a FOIA claim cannot be brought against anyone other than an agency, he is an improper party.

FOIA applies only to entities qualifying as an "agency." 5 U.S.C. § 552(a)(2). Therefore, federal agencies are proper defendants to FOIA claims, but such claims may not be asserted against individual federal officials. *Drake v. Obama*, 664 F.3d 774, 785-86 (9th Cir. 2011) ("We agree with the District Court that FOIA does not apply to any of the Defendants because they are all individuals, not agencies . . . . Thus, the District Court correctly dismissed Plaintiffs' FOIA causes of action for failure to state a claim.") (internal citations omitted). Accordingly, Plaintiff cannot bring a FOIA claim against Brennan individually. Thus, even if Brennan had been properly served, the FOIA claim would be dismissed with prejudice as to Brennan individually.

### B. The CIA is the Proper Defendant to the FOIA Claim

The general rule is that the caption of a complaint "must name all the parties." Fed. R. Civ. P. 10(a). However, "the question of whether a defendant is properly in a case is not resolved by merely reading the caption of a complaint. Rather, a party may be properly in a case if the allegations in the body of the complaint make it plain that the party is intended as a defendant." *Rice v. Hamilton Air Force Base Commissary*, 720 F.2d 1082, 1085 (9th Cir. 1983); *see also Barsten v. Dep't of the Interior,* 896 F.2d 422, 423 (9th Cir. 1990) ("a suit at

7

1 law is not a children's game, but a serious effort on the part of adult human beings to
2 administer justice; and the purpose of process is to bring parties into court. If it names them
3 in such terms that every intelligent person understands who is meant . . . it has fulfilled its
4 purpose . . . .").

5 Although Plaintiff named Brennan in the caption of the Complaint, the allegations in
6 the body of the Complaint make "it plain that the [CIA] is intended as a defendant." *Rice*, 720
7 F.2d at 1085. Plaintiff, in the "parties" section, specifically identifies the Defendant as "an
8 agency of the Executive Branch of the United States Government." (Complaint ¶ 9.) In
9 addition, Plaintiff consistently alleges that the CIA is the party responsible for any
10 wrongdoing: Defendant "has failed to follow up since *its* May 27, 2009 letter," and Defendant
11 "withheld, and *its* Agency Release Panel failed to consider [the] appeal of *its* withholding . . .
12 ." (*Id.* ¶ 11, 19 (emphasis added).) Finally, the Complaint prays that the Court order "the CIA
13 to make the records available." (*Id.* ¶ 2.) The nature of the Complaint and the party allegedly
14 responsible for the violation are clearly set forth. *See Barsten*, 896 F.2d at 424 ("Certainly a
15 distinction between the Department and the Secretary is the kind of technicality that gives
16 litigation a bad name; no one has the slightest doubt who is to defend this lawsuit . . . .")

17 Because the CIA is sufficiently identified in the body of the Complaint, Plaintiff's
18 failure to name the CIA in the caption does not mandate dismissal of the Complaint against
19 the CIA. Therefore, instead of dismissing Plaintiff's Complaint with leave to amend to add
20 the CIA to the caption, the Court construes Plaintiff's complaint as already naming the CIA as
21 a defendant. All future filings must include the CIA to reflect that it is the only defendant in
22 the case; the Court will modify the docket of the case accordingly.

## CONCLUSION

24 For the reasons explained above, the Court GRANTS the Motion to Dismiss as to
25 Brennan without leave to amend, and DENIES the motion as to the CIA. The CIA is the
26 defendant in this action, has been properly served, and must answer the Complaint.

1   IT IS SO ORDERED.

3   Dated: March 6, 2014

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE